**Isidoro HERNANDEZ, Appellant,**

v.

**TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellee.**

**No. 11–96–196–CV.**

Court of Appeals of Texas, Eastland.

June 5, 1997.

Rehearing Overruled July 10, 1997.

---

John W. Kennedy, Abilene, for appellant.

Joe R. Anderson, David L. Brenner, Burns, Anderson, Jury, & Brenner, L.L.P., Austin, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

In this workers' compensation case, appellant sought judicial review of an unfavorable administrative decision of the Workers' Compensation Appeals Panel. The trial court granted appellee's plea to the jurisdiction and dismissed the request for judicial review. We reverse and remand.

TEX. LAB. CODE ANN. § 410.001 et seq. (Vernon 1996) addresses the adjudication process in workers' compensation disputes. Specifically, Section 410.255(a) provides that judicial review of final administrative decisions in workers' compensation cases is to be conducted in accordance with TEX. GOV'T CODE ANN. § 2001.171 et seq. (Vernon Pamph.1997) unless the dispute is governed by Section 410.301. Section 2001.171 provides:

> A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.

Petitions for judicial review under Section 410.255 must be filed in a Travis County district court unless otherwise provided by statute. Section 2001.176. Section 410.255(b) provides that the review will be governed by the substantial evidence rule. Section 410.301 governs judicial review of administrative decisions in workers' compensation cases where the issues involve compensability, eligibility, or the amount of income or death benefits. Appeals under this Section are brought in the county where the employee resided at the time of the injury or death or, in occupational disease cases, in any county agreed upon by the parties or in the county where the employee resided on the date the disability began. Section 410.252.

Therefore, there are two distinct avenues of judicial review in workers' compensation cases:

■ If appellant is complaining about matters involving compensability, eligibility, or the amount of income benefits, then judicial review may be conducted in Taylor County, the county alleged by appellant to be his county of residence, and inquiry made into any issues decided by the appeals panel and upon which judicial review is sought. Appellant must bear the burden to prove those issues at trial by a preponderance of the evidence. Section 410.303. If appellant is complaining about any other matter, then he must file his petition for judicial review in a district court in Travis County, and the review would be governed by the substantial evidence rule. Section 410.255(b) and Section 2001.176.

In his petition seeking judicial review, appellant alleged:

(1) That the Texas Workers' Compensation Commission filed its final decision on October 18, 1995;

(2) That he filed suit within 40 days after the final decision;

(3) That the court had jurisdiction because appellant was a resident of Taylor County;

(4) That he was entitled to the compensation which he claims;

(5) That he sought review of the appeals panel decision regarding the award of income and medical benefits;

(6) That in June 1994 he went to the Commission to dispute the impairment rating (IR) and maximum medical improvement rating (MMI);

(7) That, due to a language barrier, there was a failure of communication as to the dispute;

(8) That this dispute was filed timely;

(9) That, even if it were not filed timely, then an exception should apply;

(10) That he disputes the appeals panel "[d]ecision of the first MMI and the 7% IR."

(11) That he is appealing "the 7% IR to be changed to the 26% IR which was submitted to the appeals panel";

(12) That the carrier be made to pay medical expenses from the past as well as those that arise.

■ The parties have set forth many facts, circumstances, and theories in the briefs. However, our review is limited strictly to the allegations in the petition. A plea to the jurisdiction is determined solely from a review of the plaintiff's pleading. Our task at this juncture is not to determine whether appellant ultimately wins or loses upon his judicial review; but, rather, our task is to examine the petition, to take as true the facts pleaded, and to determine whether those facts support jurisdiction in the trial court. The allegations in that pleading are to be construed in favor of the plaintiff. *Huston v. Federal Deposit Insurance Corporation,* 663 S.W.2d 126 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

■ While appellant's claims might have been pleaded with more particularity, it is apparent from his petition that he seeks a review touching upon the incapacity rating (IR) and the maximum medical improvement rating (MMI). Both of those matters deal with the issue of the amount of benefits. 28 TEX. ADMIN. CODE § 130.5(e) (West 1991) provides that an impairment rating is fixed if it is not disputed within 90 days. Whether appellant's claim is defeated by this 90–day provision, as appellee claims, is a matter to be decided by the trial court but not as a jurisdictional matter. The trial court has the power to hear and determine that issue. When we construe the petition in favor of appellant and take the allegations in it as true, we find that appellant alleges facts sufficient to invoke the jurisdiction of the trial court. Appellant's first point of error is sustained. *Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440 (Tex.1993). We need not discuss appellant's remaining points of error. See TEX.R.APP.P. 90(a).

The order granting appellee's plea to the jurisdiction is set aside, and this cause is remanded to the trial court.