**CONTINENTAL CASUALTY INSURANCE COMPANY, Petitioner,**

v.

**FUNCTIONAL RESTORATION ASSOCIATES, Productive Rehabilitation Institute of Dallas for Ergonomics, and the Texas Workers' Compensation Commission, Respondents.**

No. 98–0479.

Supreme Court of Texas.

Argued Jan. 13, 1999.

Decided April 6, 2000.

Rehearing Overruled July 6, 2000.

Jane Lipscomb, Jacqueline L. Wood, James Michael Loughlin, Austin, for Petitioner.

John D. Pringle, Dewey E. Helmcamp, III, Austin, William Fred Krause, Dallas, Dan Morales, Sedora Jefferson, Jorge Vega, David A. Talbot, Jr., Don Walker, Austin, for Respondent.

Justice ABBOTT delivered the opinion of the Court, in which Justice ENOCH, Justice BAKER, Justice HANKINSON and Justice O'NEILL joined, and in Part III of which Justice GONZALES joined.

In this case we determine whether Continental Casualty Insurance Co. ("Continental") is entitled to judicial review of a medical benefits decision by the Texas Workers' Compensation Commission's Hearings Division. The trial court dismissed Continental's suit for want of jurisdiction. The court of appeals reversed, holding that although the Texas Workers' Compensation Act does not confer a statutory right to judicial review of medical benefits disputes, Continental has an inherent right to judicial review. 964 S.W.2d 776. Because we conclude that Continental has no statutory right to judicial review and failed to plead a right to inherent judicial review, we reverse the court of appeals' judgment and affirm the district court's judgment dismissing the suit.

**I**

James Hood suffered an on-the-job injury compensable under the Workers' Compensation Act. At the time, Continental was the workers' compensation insurance carrier for Hood's employer. Hood received medical treatment for his injury from Functional Restoration Associates ("FRA") and Productive Rehabilitation Institute of Dallas for Ergonomics ("PRIDE"). Continental returned a request-for-preauthorization form to PRIDE, stating "[reasonable and] necessary as related to injury will defer to MEO Dr. to determine necessity."[1] After treat-

---

1. In its suit for judicial review, Continental seeks review of the hearing officer's determi-

ment began, Continental received a medical opinion that the treatments were not necessary. Continental then informed FRA and PRIDE that it would not authorize treatment, and refused payment.

In response, FRA and PRIDE requested medical dispute resolution from the commission. *See* TEX. LAB.CODE § 413.031(a). The commission's Division of Medical Review issued a decision that Continental was liable for the cost of the health care. Continental then requested a hearing before the commission's Hearings Division. *See* TEX. LAB.CODE §§ 408.027(d), 413.031(d). The hearing officer ordered Continental to pay the medical bills.

Continental filed suit in Travis County district court seeking judicial review of the commission's decision. After the trial court requested briefing on jurisdiction, the commission entered a plea to the jurisdiction. The trial court granted the plea and dismissed the suit. The court of appeals reversed, holding that, although the Workers' Compensation Act does not confer a right to judicial review of medical benefits disputes, Continental has an inherent right to judicial review of the agency decision because the commission proceedings affected a vested property right. 964 S.W.2d 776. Both Continental and the commission filed petitions for review.

## II

There are four types of benefits available to injured workers under the Texas Workers' Compensation Act: medical, income, death, and burial. *See* TEX. LAB.

CODE § 401.011(5). Generally, disputes concerning a carrier's liability for benefits are resolved through the dispute resolution procedures of Chapter 410, entitled "Adjudication of Disputes." *See id.* § 410.002. These procedures usually involve a benefit review conference, a contested case hearing, and an appeal to the commission appeals panel. *See Lumbermens Mut. Cas. Co. v. Manasco,* 971 S.W.2d 60, 61 (Tex. 1998).

 Although these procedures generally govern benefits dispute resolution, the Act also provides a different dispute resolution procedure for certain types of medical benefits disputes. These procedures are described in Chapter 413, entitled "Medical Review." Section 413.031 provides that a health care provider has a right to commission review of a medical service provided if the health care provider is denied payment or authorization for the service. TEX. LAB.CODE § 413.031(a)(1),(2). Thus, section 413.031 review covers fee disputes and preauthorization disputes.[2] Review is conducted by the commission's Division of Medical Review in Austin, unless the health care provider or the commission requests that the review be conducted by a professional review organization. *See id.* § 413.031(c). A party to a medical dispute that remains unresolved after a medical benefits review is entitled to a hearing conducted in accordance with Chapter 2001 of the Government Code, the Administrative Procedure Act ("APA").[3] *See id.* § 413.031(d); *see also id.* § 408.027(d).

nation that Continental's response was a preauthorization of the treatment under the Workers' Compensation Act. Because we consider only whether Continental is entitled to judicial review in the first instance, we express no opinion on the merits of this issue.

2. In fee disputes and preauthorization disputes, the most common issues are medical necessity and reasonableness. But when the carrier denies liability for payment of medical benefits on the basis that the injury is not compensable, the general dispute resolution procedures of Chapter 410 would apply rath-

er than the procedures of section 413.031. *See* KILPATRICK, 1 TEXAS WORKERS' COMPENSATION LAW § 22.24[2][b], at 22–67–68 (1993); MONTFORD ET AL, 1 A GUIDE TO TEXAS WORKERS' COMP REFORM § 4.68(d), at 4–179 (1991).

3. At the time of Continental's hearing, "APA hearings" were conducted by the commission's Hearings Division. *See* 28 TEX. ADMIN. CODE § 145.1(a) (rules governing these hearings). All hearings conducted on or after January 1, 1996, are conducted by the State Office of Administrative Hearings (SOAH). *See* TEX. LAB.CODE § 402.073; 28 TEX. ADMIN.

An APA hearing is an adversarial, trial-type proceeding. The decision of the hearing officer in a section 413.031 hearing is final. *See id.* § 402.073(b). Chapter 413 does not state whether a hearing officer's decision is subject to judicial review. The question presented is whether Continental is entitled to judicial review of the hearing officer's decision regarding its medical benefits dispute. Continental, joined by FRA and PRIDE,[4] argues that it has such a right under the Workers' Compensation Act, or, alternatively, that it has an inherent right to judicial review. The commission, on the other hand, contends that Continental has neither a statutory nor an inherent right to judicial review. We hold that Continental does not have a statutory right to judicial review. Further, without deciding whether Continental has a constitutional due process right to judicial review of the commission's order, we conclude that Continental failed to plead such a right in the district court. Therefore, we hold that the district court properly granted the plea to the jurisdiction.

### III

■ It is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right. *See Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967); *see also Firemen's & Policemen's Civil Serv. Comm'n of Fort Worth v. Kennedy,* 514 S.W.2d 237, 239 (Tex.1974). Therefore,

the first inquiry is whether the Texas Workers' Compensation Act provides Continental a statutory right to judicial review. Although such a determination would seem to be easy, its difficulty is revealed by the fact that, until this litigation arose, the commission itself believed that judicial review was available.[5] The lower courts concluded that the Act does not provide a statutory right to judicial review in this case. We agree.

### A

Continental initially contends that section 410.255 grants a right to judicial review. Section 410.255 is entitled "Judicial Review of Issues Other Than Compensability or Income or Death Benefits," and states that:

> (a) For all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code [the APA].

TEX. LAB.CODE § 410.255(a). Continental contends that this dispute involves an issue other than those covered under section 410.301(a) (which covers "compensability or eligibility for or the amount of income or death benefits"), and therefore section 410.255 grants it a right to judicial review to be conducted in the manner provided for judicial review of a contested case under the APA.

CODE § 148.1(a) (rules governing SOAH hearings). Both types of hearings are governed by the same provisions of the APA. *See* 28 TEX. ADMIN. CODE §§ 145.1(b), 148.1(b).

4. Although FRA and PRIDE are technically aligned with the commission regarding the outcome of the medical benefits dispute, they agree with Continental that judicial review is available.

5. *See, e.g.,* 28 TEX. ADMIN. CODE § 145.23(h) (governing hearings conducted by the commission's Hearing Division before January 1,

1996) ("A party dissatisfied with a decision of the hearing officer may seek judicial review as provided by the [APA], § 19."). The commission asserts that section 145.23(h) applies only to contested case hearings for which the Act expressly provides a right of judicial review. In any event, an agency's rulemaking power cannot validly expand or create district court jurisdiction beyond that given in the Legislature's own enactments. *See Employees Retirement Sys. of Tex. v. Foy,* 896 S.W.2d 314, 317 (Tex.App.—Austin 1995, writ denied).

Our objective in construing a statute is to determine and give effect to the Legislature's intent. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). In so doing, we look first to the plain and common meaning of the statute's words. *See id.; see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). We consider the entire statute, not simply the disputed portions. *See State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979). Each provision must be construed in the context of the entire statute of which it is a part. *See Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex. 1994) ("Only in the context of the remainder of the statute can the true meaning of a single provision be made clear."). Applying these principles, we hold that section 410.255 does not grant Continental a right to judicial review; instead, we agree with the courts below that section 410.255 simply prescribes the *manner* of judicial review.

Continental argues that the plain language of section 410.255 grants a right of judicial review. But the commission urges that, viewed in context, the function of 410.255 is much more limited. We thus begin by looking at the structure of Chapter 410 and the placement of section 410.255 within it. *See Manasco*, 971 S.W.2d at 63; *see . also Fitzgerald*, 996 S.W.2d at 866 (in construing a statute, "we look at the entire act, and not a single section in isolation"). Subchapter A, which contains "General Provisions," states that "[a] proceeding before the commission to determine the liability of an insurance carrier for compensation for an injury or death under [the Workers' Compensation Act] is governed by this chapter." TEX. LAB.CODE § 410.002. It further provides that, except as otherwise provided by Chapter 410, the APA does not apply to Chapter 410. *See id.* § 410.003. Subchapters B, C, D, and E govern benefit review conferences, arbitration, contested case hearings, and appeals panel proceedings, respectively. Subchapter F follows,

and is entitled "Judicial Review—General Provisions." Subchapter G is entitled "Judicial Review of Issues Regarding Compensability or Income or Death Benefits" and includes section 410.301(a), which states that "[j]udicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter." Id. § 410.301(a).

Section 410.255 is located in Subchapter F. Subchapter F contains a number of other sections governing judicial review, including section 410.251. Section 410.251, entitled "Exhaustion of Remedies," provides:

> A party that has exhausted its administrative remedies under this subtitle *and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter [subchapter F] and Subchapter G, if applicable.*

*Id.* § 410.251 (emphasis added). Thus, by its terms, section 410.251 provides that a party that (1) has exhausted its administrative remedies *and* (2) is aggrieved by a final decision of the appeals panel may seek judicial review under subchapter F, which includes section 410.255, or subchapter G, which governs judicial review of issues regarding compensability, income benefits, or death benefits. Under a plain reading of the statute, the requirements of section 410.251—including the requirement that a party be aggrieved by a final decision of the appeals panel—apply to both Subchapter F and Subchapter G, and therefore to both section 410.255 and section 410.301.

Thus, section 410.251 provides a right to judicial review to any party who has exhausted its administrative .remedies and is aggrieved by a final decision of the appeals panel. Sections 410.255 and 410.301 merely prescribe the manner of judicial review (substantial evidence or modified de novo), depending on which issues are involved. Continental did not seek appeals panel re-

view, nor is such review available for disputes arising in the Division of Medical Review and proceeding to an APA hearing; consequently, sections 410.251 and 410.255 do not apply.

Continental contends that section 410.255 applies because it is independent of section 410.251, and thus appeals panel review is not required. For support, Continental relies on the prior law and argues that we should consider the prior law because the Legislature enacted the Labor Code as part of an ongoing statutory revision program, which "contemplates a topic-by-topic revision of the state's general and permanent statute [sic] law *without substantive change.*" *Id.* § 1.001(a) (emphasis added). Continental argues that it is apparent from the prior law that the Legislature intended section 410.255 to be a catch-all provision, governing judicial review for all issues not encompassed by section 410.301 (compensability, income, or death benefits), regardless of whether the party received appeals panel review. Continental contends that this legislative intent became somewhat obscured by the 1993 codification, which reorganized the judicial review provisions.

We recently held that, when the language of a code provision is clear and unambiguous, it controls even though it was enacted as part of the Legislature's ongoing statutory revision and even though it may effect a change in the law. *See Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 286 (Tex.1999). Because the language of sections 410.251 and 410.255 is unambiguous, we need not look to the prior law in determining legislative intent; instead, we may presume that the Legislature intended the plain meaning of its words. *See id.*

But even considering the prior law, our conclusion remains unchanged. The pre-codification statutes read:

CHAPTER F. JUDICIAL REVIEW
OF COMMISSION DECISIONS

SECTION 6.61. JUDICIAL REVIEW; PROCEDURES. (a) A party that has exhausted its administrative remedies under this Act and is aggrieved by a final decision of the appeals panel may seek judicial review under this chapter by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division of hearings.

. . . .

SECTION 6.62. TRIAL OF ISSUES REGARDING COMPENSABILITY OR INCOME OR DEATH BENEFITS ON A WORKERS' COMPENSATION CLAIM. (a) Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this section.

(b) A trial under this section shall be limited to issues decided by the commission appeals panel and on which judicial review is sought. . . .

. . . .

SECTION 6.63. COURT APPROVAL OF SETTLEMENTS REQUIRED. (a) After judicial review of an award is sought and until the entry of judgment by the trial court, any settlement made by the parties must be approved by the trial court. . . .

. . . .

SECTION 6.64. JUDICIAL REVIEW OF ISSUES OTHER THAN COMPENSABILITY OR INCOME OR DEATH BENEFITS. (a) For all issues other than those covered under Section 6.62(a) of this Act, judicial review shall be conducted in the manner provided for judicial review of a contested case under Section 19, [APA]. . . .

(b) Judicial review conducted under this section is governed by the substantial evidence rule.

Act of Dec. 11, 1989, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws 1, 60–62, *repealed by* Act of May 12, 1993 73rd Leg., R.S., ch.

269, § 5(2), 1993 Tex. Gen. Laws 1273. Subsection 6.61(a) became section 410.251; subsection 6.62(a) became part of section 410.301; and section 6.64 became section 410.255. Continental contends that the function of section 410.255 as a "catch-all" is apparent from the structure of the prior law—section 6.61 applies to section 6.62, but section 6.64, placed at the end, is independent. Similarly, argues Continental, current section 410.301 is expressly limited to appeals panel decisions, while section 410.255 contains no such language.

Continental also points to the legislative history of the Act. Continental argues that the debate over judicial review "was not whether to grant the right of judicial review of administrative decisions, but rather whether those cases would be tried to a jury under the preponderance of the evidence standard or limited to the substantial evidence threshold." Workers' compensation reformers wanted to eliminate de novo review of commission decisions, whereas opponents of the bill wanted to retain it. In the end, Continental contends, the judicial review provisions in Chapter 410 were a compromise, allowing modified de novo review for some benefits issues (compensability, income benefits, and death benefits), and substantial evidence review for others, including medical benefits disputes.[6]

■ Although presenting a closer case than the current statute, the prior law is not so clearly in Continental's favor as Continental asserts. The legislative history never expressly states that medical benefits disputes arising in the Division of Medical Review may receive judicial review. Nor does it state that disputes not proceeding through the appeals panel may

be reviewed under section 410.255. Early versions of the bill did make clear that section 6.64 (now 410.255) was independent of section 6.61 (now 410.251), which requires appeals panel review, by stating that "[f]or all issues other than those covered under Sections 6.61 [now 410.251] and 6.62 [now 410.301] of this Act, review shall be conducted in the manner provided for judicial review of a contested case under Section 19 [of the APA]." But section 6.64 was subsequently amended by eliminating the reference to section 6.61, so that section 6.64 governed judicial review of "all issues other than those covered under section 6.62(a)[now 410.301]." Section 6.64 was no longer expressly independent of section 6.61's requirement of appeals panel review. At best, the prior statute was ambiguous regarding whether appeals panel review was necessary for review under section 6.64. Thus, we will not use it as a basis for rendering ambiguous the plain language of the current statute. We hold that section 410.255 provides the manner of judicial review, but does not grant a right of judicial review, of appeals panel decisions on issues other than compensability, income benefits, or death benefits.

### B

Continental next argues that sections 413.031(d) and 401.021 create a right to judicial review. Section 413.031(d) states:

> A party to a medical dispute that remains unresolved after a review of the medical service under this section is entitled to a hearing. The hearing shall be conducted by the State Office of Administrative Hearings within 90 days of receipt of a request for a hearing in the manner provided for a contested case

6. Continental argues that this Court correctly interpreted section 410.255 in *Texas Workers' Compensation Commission v. Garcia,* 893 S.W.2d 504 (Tex.1995). In that case, we noted that "[i]ssues other than compensability of the injury, eligibility for income and death benefits, and the amount of those benefits are reviewed without a jury under the substantial evidence test." *Id.* at 529–30. In a footnote,

we stated that "[p]resumably, these [issues] might include such matters as disputes over medical benefits, attorneys' fees, and administrative sanctions." *Id.* at 530 n. 27. Whether medical benefits disputes are reviewable under section 410.255 (or at all) was not at issue in *Garcia;* the statement is dicta, and is not binding.

under Chapter 2001, Government Code (the administrative procedure law). Tex. Lab.Code § 413.031(d). Section 413.031, which grants a right to a hearing, is silent on the issue of judicial review. In fact, Chapter 413 does not mention judicial review at all. Continental contends that the right to judicial review of APA hearings such as this is found in section 401.021. It provides that, "[e]xcept as otherwise provided by [the Act]: (1) a proceeding, hearing, judicial review, or enforcement of a commission order, decision, or rule is governed by the following subchapters and sections of Chapter 2001, Government Code: (A) Subchapters A, B, D, E, G, and H." *Id.* § 401.021. Subchapter G of Chapter 2001 governs judicial review, and section 2001.171 provides that "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Tex. Gov't Code § 2001.171.

Continental argues that, construed together, section 413.031(d) provides a right to a hearing, and section 401.021 provides a right of judicial review of that hearing. It relies heavily on our decision in *Barshop v. Medina County Underground Water Conservation District*, 925 S.W.2d 618 (Tex.1996), for support. In *Barshop*, we concluded that the plaintiffs were entitled to judicial review because the Edwards Aquifer Act provided that the Edwards Aquifer Authority "is subject ... to the [APA]." *Id.* at 633. We concluded that, because this language had no meaning other than to require the Authority to abide

by the APA, the APA's provisions regarding contested case hearings and judicial review applied. *See id.* at 632–33. Continental contends that section 401.021 similarly provides that commission hearings are "governed by" the APA, meaning that the APA provisions on judicial review apply. We disagree.

When viewed in the context of the entire Act, the function of section 401.021 is clear. Rather than creating a right of judicial review, section 401.021 simply describes the default manner of conducting judicial review when the right to judicial review is granted elsewhere in the Act but the manner of review is not specified. Section 401.021 is located in the general provisions of the Act, and applies as a default to all other provisions of the Act unless the Act provides otherwise (as in Chapter 410).[7] For example, section 401.021 provides the manner of judicial review of disputes regarding self-insurance security deposits because the Legislature expressly granted a right of judicial review, but did not specify the manner of judicial review. *See* Tex. Lab.Code § 407.066(b) ("A party aggrieved by a decision of the director is entitled to judicial review.").

Our conclusion that section 401.021 does not provide a right to judicial review for every APA hearing allowed by the Act is supported by the fact that the Legislature expressly included a right to judicial review for certain APA hearings. Unlike section 413.031, which provides for an APA hearing but does not mention judicial review, other sections of the Act

7. Thus, section 401.021 does not supply the default manner of judicial review of Chapter 410 proceedings; rather, section 410.255 does. The inclusion of section 410.255 as a default provision for appeals panel decisions not involving compensability, income, or death benefits was necessary because section 410.002 expressly provides that the APA (and thus section 401.021) does not apply to Chapter 410 proceedings.

Relatedly, we disagree with the court of appeals that section 410.255 governs the manner of judicial review of issues that do not proceed through Chapter 410 proceedings, such as administrative violations and self-insurance issues. The application of section 410.255 is limited by section 410.251, which requires appeals panel review, and by the fact that the applicability of Chapter 410 as a whole is limited to issues relating to determinations of an insurance carrier's liability for compensation for an injury or death under the Workers' Compensation Act. *See* Tex. Lab. Code § 410.002.

expressly provide *both* a right to an APA hearing *and* a right to judicial review under the APA. Sections 415.034 and 415.035, which relate to hearings for administrative violations, provide a good example. Section 415.034, like section 413.031, provides a right to a hearing conducted as a contested case hearing under the APA. *See id.* § 415.034. But section 415.035 then expressly states that a hearing officer's decision under section 415.034 "is subject to judicial review in the manner provided for judicial review under Chapter 2001, Government Code." *Id.* § 415.035. Additionally, section 411.049, concerning extra-hazardous employer designations, provides a right to a hearing and then states that "[t]he hearing shall be conducted by the State Office of Administrative Hearings in the manner provided for a contested case under Chapter 2001, Government Code (the administrative procedure law) *and is subject to judicial review as provided by that chapter.*" *Id.* § 411.049(b) (emphasis added). The Legislature's express inclusion of a right to judicial review in these other sections suggests that the language conferring a right to an APA hearing was either insufficient or not intended to grant a right to judicial review. *See Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas,* 852 S.W.2d 489, 493 n. 7 (Tex.1993) (discussing the doctrine of *expressio unis est exclusio alterius* ). If, as Continental suggests, section 401.021 creates a right to judicial review of all APA hearings in the Act, then the language in sections 415.035 and 411.049 would be redundant. We reject Continental's position because we give effect to all words of a statute, and, if possible, do not treat any statutory language as mere surplusage. See *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987). Thus, section 401.021 does not provide a right to judicial review.

### C

Last, Continental argues that the APA, section 2001.171 of the Government Code, provides an independent right to judicial review for medical benefits disputes. That section provides that "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Tex. Gov't Code § 2001.171. Because it has exhausted all its administrative remedies and is aggrieved by a final decision in a contested case, Continental contends it is entitled to judicial review under the APA.

■ Relying on its own decisions, the court of appeals held that the APA provisions regarding judicial review apply only when another statute grants a right to judicial review. 964 S.W.2d at 779 (citing *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 158 (Tex.App.—Austin 1993, writ denied), which held that the APA itself does not grant a right to judicial review). Although we have never decided this issue, we hold that Continental has waived its challenge to this holding by failing to raise it below. More importantly, Continental expressly waived this argument in the trial court. At the hearing on the commission's plea to the jurisdiction, Continental stated, "[W]e don't argue that APTRA [now APA] provides an independent source of judicial review. We agree with the *Foy* case, that is a correct reading of the law." Accordingly, we do not reach the merits of this argument.

### D

In sum, we hold that the Workers' Compensation Act does not provide Continental a statutory right of judicial review. Section 401.021 does not provide a right to judicial review, but is instead a default provision providing the manner of judicial review when the right to judicial review is granted elsewhere but the manner of review is not specified. Section 401.021 does not apply to benefits disputes because those disputes are governed by Chapter 410, and the APA generally does not apply to Chapter 410 proceedings. With regard

to benefits disputes adjudicated under Chapter 410 (generally including a benefit review conference, contested case hearing, and appeals panel review), section 410.251 grants the right to judicial review to a party aggrieved by a decision of the appeals panel, and sections 410.255 and 410.301 provide the manner of judicial review, depending on the issue involved. Because Continental did not receive appeals panel review, sections 410.251 and 410.255 do not apply.

Further, the Legislature did not expressly grant a right to judicial review of hearings conducted under section 413.031, although it did so with regard to APA hearings on other issues. The Legislature's inclusion of an express right to judicial review for some contested case hearings suggests that the Legislature did not intend judicial review when it did not expressly provide for it.

Under Continental's position, the Legislature did not need to grant an express right to judicial review in section 413.031 because section 410.255 provides a right to judicial review. As noted, however, section 410.255 only applies to review of appeals panel decisions. We recognize that, under this construction, the range of topics governed by section 410.255 is small, but it includes at least such issues as spinal-surgery second-opinion disputes [8] and attorney's fees, both of which are related to an insurer's liability for compensation for injury or death. Thus, a right to judicial review need not be implied.

The dissent relies heavily on the fact that Senator John Montford, the Act's primary sponsor, has written that section 410.255 applies to medical benefits disputes even if they have not received appeals panel review. We agree that section 410.255 applies to certain medical benefits disputes, but only if they have proceeded through the appeals panel as required by section 410.251. Senator Montford's book deals with the precodification version of the Act rather than the current version. As we have said, the precodification version is ambiguous on this point, while the current version is not. Moreover, although Senator Montford's early drafts of the Act expressly divorced section 410.255 from section 410.251's requirement of appeals panel review, a subsequent amendment in the Legislature removed that language, making it unclear whether the Legislature still intended that result. And, further revisions during codification then expressly tied section 410.251 to both sections 410.255 and 410.301, requiring appeals panel review for both.

If the Legislature intended section 410.255 to apply to medical disputes arising in the Division of Medical Review, it failed to make that clear in the statute. We must take the Act as we find it, and we are not responsible for legislative omissions. *See City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 791 (1951) ("[T]he courts should carefully restrict their jurisdiction to that clearly granted or necessarily implied from the Constitution and specific acts of the legislature."). Thus, applying the plain language of the Act, as we are bound to do, we hold that Continental has no statutory right to judicial review.

## IV

Continental contends that, even if it has no statutory right to judicial review, it has an inherent right to judicial review under

---

8. Although preauthorization is not required for spinal surgery, an insurance carrier is generally liable for spinal surgery costs only if the employee obtains a second opinion before surgery. *See* Tex. Lab.Code § 408.026(a)(1). When the opinions of the treating doctor and second-opinion doctor conflict, the employee or the carrier may appeal directly to a benefit contested case hearing, and, if necessary, to

the appeals panel under Chapter 410. See 28 Tex. Admin. Code § 133.206(k). These disputes proceed through Chapter 410 because they are benefits disputes, but they do not fall under the medical benefits dispute resolution procedures of Chapter 413, which apply only to preauthorization disputes and fee disputes for services already rendered.

due process. The court of appeals concluded that Continental has an inherent right to judicial review because the commission proceedings adversely affected a vested property right—Continental's money—and therefore the district court improperly granted the commission's plea to the jurisdiction. 964 S.W.2d at 782.

When the Legislature remains silent or denies a right of judicial review, administrative decisions may nevertheless be attacked in court if they adversely affect a vested property right or otherwise violate some provision of the State or Federal Constitution. *See City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788, 790 (1951). The right to challenge administrative actions by an original action in district court on the basis that such actions unconstitutionally deprive the plaintiff of a vested property right is a right to judicial review distinctly different from the right to judicial review given by a statute. *See Bank of Woodson v. Stewart*, 632 S.W.2d 950, 956 (Tex.App.—Austin 1982), *dism'd as moot*, 641 S.W.2d 230 (Tex.1982); *see also Rosow v. City of San Antonio*, 734 S.W.2d 659, 660–61 (Tex.1987). Because Continental's petition in the district court did not allege an inherent constitutional right to judicial review as a basis for jurisdiction, but instead only alleged an invalid statutory basis for judicial review, we hold that the district court properly granted the commission's plea to the jurisdiction on the only ground asserted.

In reviewing the trial court's dismissal based on the commission's plea to the jurisdiction, we examine the plaintiff's pleadings to determine whether the plaintiff has affirmatively shown that the trial court had subject matter jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Hernandez v. Texas Workers' Compensation Ins. Fund*, 946 S.W.2d 904, 906 (Tex. App.—Eastland 1997, no writ). Continental's petition in the district court asserts only statutory bases for judicial review. The first line of Continental's petition states, "Now comes Continental Casualty . . . and by this petition seeks judicial review of the decision of the Texas Workers' Compensation Commission pursuant to Tex. Lab.Code § 410.255 [the Worker's Compensation Act] and Tex. Gov't Code Ann. § 2001.171 [the APA] . . . ." In support of its claim, Continental's petition states that the Commission's:

> findings, inferences, and conclusions, and decisions are unlawful and improper because of one or more of the following:
>
> 1. The Commission's decision is not supported by substantial evidence considering the reliable and probative evidence in the record as a whole;
>
> 2. The Commission's decision is arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The petition makes no mention of an "inherent right to review" or a "due process" right to review, nor does it otherwise invoke any right to review based on the Constitution.

The Third Court of Appeals concluded that Continental's use of the term "arbitrary and capricious" was sufficient to invoke its right to judicial review under the due process clause. 964 S.W.2d at 782. However, we agree with the Third Court of Appeals' reasoning in a more recent opinion and reject that contention. In *Carrizales v. Texas Department of Protective and Regulatory Services*, 5 S.W.3d 922, 925 (Tex.App.—Austin 1999, pet. denied), the appellant argued that his allegations, which were identical to the allegations Continental made in this case, supported his claim for inherent judicial review. The Third Court of Appeals held, without distinguishing *Continental*, that the allegations only supported the appellant's claim for judicial review under the APA and did not inform the trial court that the appellant was asserting an independent constitutional right to judicial review. Accordingly, the court of appeals

held that the district court properly dismissed the case for want of jurisdiction on the only ground asserted. See id.

Section 2001.174 of the APA provides the grounds under which a court may reverse or remand an agency decision. TEX. GOV'T CODE § 2001.174. It states that a court reviewing an agency decision:

> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> . . . .
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.* § 2001.174(2)(E),(F).

As noted, Continental alleged a right to judicial review under the Workers' Compensation Act, section 410.255, which provides for substantial evidence review in accordance with the APA, and under the APA, section 2001.171. It is clear that Continental's allegations exactly track the statutory language to assert its statutory claims. Thus, in its petition, Continental was simply making the allegations necessary to seek a reversal of the agency action under the APA and the Workers' Compensation Act, the stated bases for seeking judicial review. *See Carrizales,* 5 S.W.3d at 925; *Employees Retirement Sys. of Tex. v. Foy,* 896 S.W.2d 314, 317 (Tex.App.—Austin 1995, writ denied) (noting that the plaintiff "did not allege such a cause of action seeking vindication of property or constitutional rights in an original action determinable according to evidence adduced in court" but "brought instead a cause of action to determine the lawfulness of the System's decision, under the sub-

stantial-evidence rule"). As noted, Continental expressly waived its claim to a right of review under section 2001.171 of the APA in the district court. Accordingly, the only remaining basis for jurisdiction was a statutory right to substantial-evidence review under section 410.255 of the Workers' Compensation Act. We have already determined that this is not a valid basis for jurisdiction. And, although Continental clearly had ample opportunity to amend its petition to include a claim for inherent judicial review—as evidenced by its asserting a right to inherent judicial review in its brief in response to the commission's plea to the jurisdiction and at the hearing on the plea—it never did so.

In sum, Continental's trial court petition clearly alleges only its right to judicial review conferred by statute; it did not allege an inherent right to judicial review under due process of law. Because Continental expressly waived its right to judicial review under section 2001.171 of the APA and because the Workers' Compensation Act does not provide a right of judicial review, the district court properly dismissed the suit for lack of jurisdiction on the only bases for jurisdiction alleged by Continental in its petition. *See Carrizales,* 5 S.W.3d at 925; *Foy,* 896 S.W.2d at 317. Accordingly, we reverse the court of appeals' judgment and affirm the district court's judgment dismissing the suit.[9]

Chief Justice PHILLIPS filed a dissenting opinion in which Justice GONZALES joined, and in which Justice HECHT joined in Parts I, II, and III, and in which Justice OWEN joined in Part II.

Justice OWEN filed a dissenting opinion in which Justice HECHT joined.

Chief Justice PHILLIPS, dissenting.

I agree with the Court's holding that Continental Casualty does not have a statutory right to judicial review of the Work-

---

9. Because of our disposition, we need not address the court of appeals' holding regarding the timeliness of Continental's petition

under Texas Labor Code section 410.253. 964 S.W.2d at 782–83.

ers' Compensation Commission's decision. But I disagree with the Court that Continental waived its constitutional basis for judicial review merely because it neglected to add this claim to its pleadings once this issue was raised in the trial court. This holding not only elevates form over substance, but is contrary to the spirit of established precedent. Therefore, I respectfully dissent.

## I

Continental brought this suit to reverse the Commission's order requiring it to pay for medical services provided by Functional Restoration Associates ("FRA") and Productive Rehabilitation Institute of Dallas for Ergonomics ("PRIDE") to James Hood. Continental's petition stated that Continental sought judicial review "pursuant to Tex. Lab.Code § 410.255 (Vernon Pamph.1995) and Tex. Gov't Code Ann. § 2001.171, *et seq.* (Vernon Pamph.1995)," but did not mention any constitutional basis. In its original answer, the Commission did not contest jurisdiction on any grounds. After the trial court questioned jurisdiction on its own motion, the Commission filed a plea to the jurisdiction and a trial brief asserting that the statute did not permit judicial review of medical benefits disputes. In response, Continental filed a trial brief contending that it had both a statutory right to judicial review under Texas Labor Code section 410.255 and an inherent right to judicial review because the Commission's order adversely affected Continental's protected property interest. Continental never amended its petition, but the Commission never objected in the trial court to this omission. At the hearing on the plea to the jurisdiction, both the Commission and Continental argued both grounds. The trial court granted the plea and dismissed the suit.

## II

A plea to the jurisdiction is a dilatory plea that challenges a court's subject matter jurisdiction. When a plea to the juris-

diction is granted, the trial court dismisses the suit without prejudice. *See Bell v. State Dep't of Highways & Pub. Transp.,* 945 S.W.2d 292, 295 (Tex.App.—Houston [1st Dist.] 1997, writ denied). A plea to the jurisdiction should only be granted, however, "where the court can see from the allegations of a pleading that, even by amendment, no cause of action can be stated" to invoke the court's jurisdiction. *Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960) (quoting *Lone Star Fin. Corp. v. Davis,* 77 S.W.2d 711, 715 (Tex.Civ.App.—Eastland 1934, no writ)). If the jurisdictional defect can be cured by amendment, a court errs in granting the plea without allowing the plaintiff an opportunity to replead. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993) (a litigant has a right to amend to attempt to cure jurisdictional defects); *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 805 (Tex. 1989) ("Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss...."); *Bybee,* 331 S.W.2d at 917 (where jurisdictional defects can be cured "there is involved only a question of sufficiency of the pleading, and not of the jurisdiction of the court") (quoting *Lone Star Fin. Corp.,* 77 S.W.2d at 715); *see also* O'CONNOR & DAVIS, O'CONNOR'S TEXAS RULES—CIVIL TRIALS 158 (1998); 2 McDONALD, TEXAS CIVIL PRACTICE § 8.15, at 200 (Allen et al. eds., 1992). The rule we announce today is contrary to the spirit of these authorities. The sole basis for the Court's holding is that the constitutional claim was not in the petition when the trial court ruled on the plea to the jurisdiction. But a trial court's decision about whether to accept or decline jurisdiction should not turn on strict compliance with technical pleading requirements. *See Peek,* 779 S.W.2d at 805; *Bybee,* 331 S.W.2d at 917. To the contrary, if the trial court has jurisdiction, it must exercise that jurisdiction. *See Stewart v. Moore,* 291 S.W. 886,

891 (Tex. Comm'n App.1927, holding approved); *see also Coastal Corp. v. Garza,* 979 S.W.2d 318, 322 (Tex.1998) (Hecht, J., dissenting). And if a court erroneously declines to exercise jurisdiction, the losing party should be able to complain on appeal about any jurisdictional basis that it presented to the trial court. Technical pleading failings should no more bar this appeal than did the failure to plead an amount in controversy in a wrongful death case deprive the trial court of jurisdiction in *Peek.* *See Peek,* 779 S.W.2d at 805; *cf. In re B.I.V.,* 870 S.W.2d 12, 13–14 (Tex.1994) (summary judgment should not be based on a pleading deficiency that could be cured by amendment); *Womack v. Allstate Ins. Co.,* 156 Tex. 467, 296 S.W.2d 233, 237 (1956) ("[W]hen the affidavits or other summary judgment 'evidence' disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the [nonmovant]."). Because both Continental's brief and its oral argument set forth its constitutional jurisdictional argument, error has been preserved.[1]

### III

It is well-established that there is no right to judicial review of an administrative order unless a statute provides one or the order violates some provision of the state or federal constitution. *See Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967); *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 790 (1951); *see also* LOUIS L. JAFFE, JUDICIAL CONTROL OF ADMINISTRATIVE ACTION 376–389 (1965) (setting forth state and federal constitutional bases for judicial review of administrative decisions). Generally, the constitutional provisions implicated are federal due process or state due course of law. *See Brazosport Sav. & Loan Ass'n v.*

*American Sav. & Loan Ass'n,* 161 Tex. 543, 342 S.W.2d 747, 751 (1961) (citing *English Freight Co. v. Knox,* 180 S.W.2d 633, 640 (Tex.Civ.App.—Austin 1944, writ ref'd w.o.m.)); *see also Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 525 (Tex.1995) (the Texas due course provision requires at least the same protections as the federal due process clause). Therefore, due process supplies a right to judicial review if the agency decision adversely affects a protected property interest. *See Chemical Bank & Trust Co. v. Falkner,* 369 S.W.2d 427, 433 (Tex.1963); *Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n,* 161 Tex. 543, 342 S.W.2d 747, 750, 751 (1961); *Hancock,* 239 S.W.2d at 790–91; *see also Board of Ins. Comm'rs v. Title Ins. Ass'n of Tex.,* 153 Tex. 574, 272 S.W.2d 95, 97 (1954) ("[P]roperty rights ... cannot be determined by the orders of an administrative agency without affording a right of judicial review...."); *Schwantz v. Texas Dep't of Pub. Safety,* 415 S.W.2d 12, 15 (Tex.Civ. App.—Waco 1967, writ ref'd) (same).

The key inquiry for determining if Continental has an inherent right to judicial review is whether Continental has a protected property interest that was adversely affected by the Commission's decision. *See Alford v. City of Dallas,* 738 S.W.2d 312, 314 (Tex.App.—Dallas 1987, no writ). Because this is a plea to the jurisdiction, we must take the pleaded facts as true and construe them in the plaintiff's favor. We must then determine whether these facts demonstrate that Continental's protected property interest has been adversely affected by the Commission's decision, thereby giving Continental a due process right to judicial review. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Hernandez v. Texas Workers' Compensation Ins. Fund,* 946 S.W.2d 904, 906 (Tex.App.—Eastland

1. The Court's reliance on *Carrizales v. Texas Dept. of Protective and Regulatory Servs.,* 5 S.W.3d 922 (Tex.App.—Austin 1999, pet. filed), is misplaced. *Carrizales* is distinguishable from this case because the plaintiff in

*Carrizales* never informed the trial court of his inherent right to judicial review, but instead asserted that jurisdictional basis for the first time on appeal. *Id.* at 925.

1997, no writ) (citing *Huston v. Federal Deposit Ins. Corp.,* 663 S.W.2d 126 (Tex. App.—Eastland 1983, writ ref'd n.r.e.)).

In my opinion, Continental meets this burden. The interest at stake is the money Continental was ordered to pay. Continental owns and possesses this money; it therefore has a protected property interest in it. While the property interests protected by due process extend well beyond actual ownership of property, ownership of money is among the core property interests protected by due process. *See Board of Regents v. Roth,* 408 U.S. 564, 571–72, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971); *see also Campbell v. Miller,* 787 F.2d 217, 222 (7 th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986) (inmate has property interest in funds in his prison account); *Chauffeur's Training School, Inc. v. Riley,* 967 F.Supp. 719, 729 (N.D.N.Y.1997) (school has protected property interest in retaining the funds in its accounts); *Black v. Dallas County Bail Bond Bd.,* 882 S.W.2d 434, 439 (Tex.App.—Dallas 1994, no writ) (bondsmen have property right in the money they use to pay rearrest costs); *Brewer v. Collins,* 857 S.W.2d 819, 823 (Tex.App.—Houston [1 st Dist.] 1993, no writ) (prison inmate has protected property interest in money seized by state from inmate's trust fund). Because the Commission's decision would have deprived Continental of this property, due process provides Continental with an inherent right to judicial review of that decision.[2] *See Board of Ins. Comm'rs,* 272 S.W.2d at 97. In that review, the trial court should determine whether the agency decision is supported by substantial evidence, is not arbitrary and capricious, and satisfies procedural due process. *See, e.g., Chemical Bank & Trust Co.,* 369 S.W.2d at 433; *Brazosport,* 342 S.W.2d at 747; *Board of Ins. Comm'rs,* 272 S.W.2d at 99; *Fire Dep't of City of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664, 666 (1949).

Justice OWEN, joined by Justice HECHT, dissenting.

Because the Texas Workers' Compensation Act provides for judicial review of medical benefits issues in section 410.255, I respectfully dissent.

**I**

James Hood sustained a job-related injury and received treatment from two medical service providers. Hood's employer's workers' compensation insurance carrier, Continental Casualty, refused to pay for these services, contending that they were not medically necessary. The health care providers pursued the matter with the Commission, and the Commission determined that Continental should pay. Continental requested a hearing by the State Office of Administrative Hearings, as it had the right to do under section 413.031(d) of the Labor Code. At the conclusion of that proceeding, Continental was ordered to pay for the medical services provided to Hood. Continental then attempted to appeal to a Travis County district court, but that appeal was dismissed for want of jurisdiction.

The Court concludes that the Workers' Compensation Act does not provide for judicial review of medical benefits dis-

---

**2.** Parties to a medical benefits dispute under Texas Labor Code section 413.031 other than an insurance carrier may also have a right to judicial review if they have a legitimate claim of entitlement to money or benefits that is created by "by existing rules or understandings that stem from an independent source such as state law." *Phillips v. Washington Legal Found.,* 524 U.S. 156, 163, 118 S.Ct. 1925, 141 L.Ed.2d 174 (1998) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)); *see also Mal-* *lette v. Arlington County Employee's Supplemental Retirement Sys. II,* 91 F.3d 630, 635 (4 th Cir.1996); *Daniels v. Woodbury County,* 742 F.2d 1128, 1132 (8 th Cir.1984); *Griffeth v. Detrich,* 603 F.2d 118, 121 (9 th Cir.1979); *Soeken v. Herman,* 35 F.Supp.2d 99, 105 (D.D.C.1999); *Last v. MSI Const. Co.,* 305 S.C. 349, 409 S.E.2d 334, 336 (1991); *Barron v. Board of Trustees of the Policemen's Pension & Relief Fund,* 176 W.Va. 480, 345 S.E.2d 779, 782 (1985).

putes. The Court's construction of the Act is an unreasonable one. Section 410.255 provides for judicial review under a substantial evidence standard and was intended to be a significant change when enacted as part of the 1989 revamping of the Act. But as interpreted by the Court, it has never applied to any issues other than attorney's fees incurred in connection with a medical benefits dispute and disputes that may arise when two physicians disagree about the necessity of spinal surgery. Thus, the Court says that a party who loses a medical benefits dispute hearing may not seek judicial review of the merits of that decision, but that the amount of attorney's fees awarded in connection with that dispute is subject to judicial review. I find it implausible that the Legislature intended to elevate the issue of attorney's fees above a worker's or service provider's right to payment for medical benefits or that the Legislature intended for judicial review under section 410.255 to apply to so few issues.

## II

Medical benefits disputes are covered by section 413.031 of the Labor Code.[1] When a workers' compensation insurer denies payment, as Continental did in this case, the worker or the health care provider can request review by a "health care provider professional review organization." TEX. LAB.CODE § 413.031(c). If the dispute remains unresolved, a party is entitled to a hearing by the State Office of Administrative Hearings in the manner provided for contested case hearings under the Administrative Procedure and Texas Register Act. *See id.* § 413.031(d). The issue before the Court is whether there is a right to judicial review of administrative decisions that result from these hearings.

Section 410.255 appears in Chapter 410. Chapter 410 is entitled "Judicial Review— General Provisions." Section 410.255 expressly grants the right of judicial review for "all issues other than those covered under section 410.301(a)":

**§ 410.255. Judicial Review of Issues Other Than Compensability or Income or Death Benefits**

(a) For all issues other than those covered under Section 410.301(a), *judicial review shall be conducted* in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code [sections 171 et seq. of the Administrative Procedure Act].

(b) Judicial review conducted under this section is governed by the substantial evidence rule.

*Id.* § 410.255 (emphasis added). Medical benefits issues are "issues other than those covered under Section 410.301(a)." Section 410.301(a) covers only matters that

---

1. Section 413.031 provides in pertinent part:
 § 413.031. Medical Dispute Resolution
 (a) A party, including a health care provider, is entitled to a review of a medical service provided or for which authorization of payment is sought if a health care provider is:
 (1) denied payment or paid a reduced amount for the medical service rendered;
 (2) denied authorization for the payment for the service requested or performed if authorization is required by the medical policies of the commission; or
 (3) ordered by the division to refund a payment received for a medical service rendered.
 * * * * * *
 (c) A review of a medical service under this section shall be provided by a health care provider professional review organization if requested by the health care practitioner or if ordered by the commission.
 (d) A party to a medical dispute that remains unresolved after a review of the medical service under this section is entitled to a hearing. The hearing shall be conducted by the State Office of Administrative Hearings within 90 days of receipt of a request for a hearing in the manner provided for a contested case under Chapter 2001, Government Code (the administrative procedure law).
 TEX. LAB.CODE § 413.043.

relate to compensability, eligibility for, or the amount of income or death benefits. *See id.* § 410.301(a).[2]

Section 410.255 expressly grants a right to judicial review because it provides that, for all issues other than those covered under section 410.301(a), judicial review *"shall be conducted . . . ."* The section then specifies the manner in which the required judicial review is to be conducted, which is in accordance with the Administrative Procedure Act (the APA). *See id.* § 410.255.

The Court does not accept the straightforward meaning of section 410.255. Instead, it reads into that section a limitation that it does not contain. The Court says that section 410.255 only applies when there has been a final decision from an appeals panel. Since virtually no medical benefits disputes are heard by an appeals panel under the Act, *see id.* § 413.043, the Court reasons that there is no right to judicial review.

As construed by the Court, the role of section 410.255 has been one of obscurity since the day it was enacted. If the Act means what the Court says it means, then the only issues to which section 410.255 has ever applied are differing medical opinions about whether spinal surgery is necessary, *see id.* § 408.026, and disputes over attorney's fees in connection with medical benefits, since those are the only two issues that proceed to an appeals panel and fall within section 410.255.

The Court's erroneous construction of section 410.255 flows from its misinterpretation of section 410.251 of the Act, which says:

### § 410.251 Exhaustion of Remedies

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial

review under this subchapter and subchapter B, if applicable.

*Id.* § 410.251. The Court views this section as the exclusive grant of judicial review of issues other than those arising under section 410.310(a). That erroneous premise then leads the Court to conclude that unless there has been a decision by an appeals panel, there is no right to judicial review.

But section 410.251 does not purport to be an exclusive grant of the right to judicial review. It says only that a party who has exhausted administrative remedies and is aggrieved by a final decision of the appeals panel *may* seek judicial review under subchapter F and subchapter G if G applies. Section 410.251 does not say that judicial review is foreclosed under all other circumstances.

It is apparent that section 410.255 was meant to be a separate grant of a right to judicial review distinct from 410.251 because section 410.255 differs from section 410.251 in two important ways. First, section 410.255 does not provide that judicial review may be sought under subchapter G of the Act, as does section 410.251. Section 410.255 recognizes that the issues that it covers are to be treated differently from those covered by subchapter G. The second difference between 410.251 and 410.255 is that section 410.255 explicitly recognizes that the standard of review for the issues it covers is different from the standard of review of issues covered in subchapter G under section 410.301(a). The standard of review under section 410.255 is the substantial evidence rule. The standard of review under subchapter G, which includes section 410.301(a), is a very different standard.

The Court has also drawn unwarranted conclusions from section 413.031's failure

2. Section 410.301(a) is contained in subchapter G of the Act entitled "Judicial Review of Issues Regarding Compensability or Income or Death Benefits" and provides: "Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter." Tex. Lab.Code § 410.301(a).

to include a specific reference to "judicial review." The Court reasons that if the Legislature intended for there to be judicial review, then it would have said so in section 413.031. But if section 413.031 *were* to contain a provision regarding judicial review, it would needlessly duplicate the provision for review in section 410.255.

The Court's reliance on sections 415.034 and 415.035 of the Labor Code as examples of how the Legislature provides for judicial review when it intends to do so is inapposite. Section 415.034 provides for a hearing when violations of the Act are charged, and section 415.035 provides for judicial review in those matters. *See id.* §§ 415.034, 415.035. Neither the general provisions for judicial review in Chapter 410 nor the specific provisions in section 410.255 apply to disputes about alleged violations of the Act. Chapter 410 applies only to proceedings to determine the liability of a carrier for compensation for injury or death. *See id.* §§ 410.002; 410.255. Accordingly, it was necessary to include a separate provision for judicial review when alleged violations of the Act are at issue under Chapter 415.

It is also of no moment that the words used in section 415.035 to provide for judicial review are not identical to those used in section 410.255. Although different words are used, both Code provisions make it clear that there is a right of judicial review.

## III

The Court's construction of section 410.255 cannot be squared with the legislative history of the Act. Why was there an extended debate in the Texas Legislature about substantial evidence review and why did the Legislature take pains to say in section 410.255 and its predecessor, article 8308–6.64, that "[j]udicial review conducted under this section is governed by the substantial evidence rule" if the only issues to which the substantial evidence rule could ever apply were attorney's fees and differing medical opinions about the necessity of

spinal surgery? The question of what standard of judicial review should apply was a much-debated, controversial issue when the Legislature was promulgating the Act. The Legislature unquestionably intended for there to be a dichotomy between the standard of review applied to medical benefits issues and the standard of review to be applied to issues regarding compensability, eligibility, and the amount of income or death benefits. The Court's decision eliminates the significance of that dichotomy.

Interpreting the Act as providing for judicial review of medical benefit disputes is consistent with the writings of Senator Montford, the principal sponsor of the Workers' Compensation Act. He wrote in his guide to the Act that it created two distinct tracks for review, one for medical benefits disputes and another for other benefits disputes:

> In Chapter F of Article 6 are provisions changing the judicial review step of the prior comp law ... to (1) a *non*-"de novo" and *non*-APTRA trial by jury (or judge) with respect to issues regarding compensability, income benefits, and/or death benefits, and (2) for all other comp issues/disputes (that is, all *not* included in the foregoing category (1), such as a medical benefits dispute/issue), an AP-TRA Section 19 judicial review tried ... without a jury.

1 JOHN T. MONTFORD ET AL., A GUIDE TO TEXAS WORKERS' COMP REFORM, § 6F.0(a) (1991). This same publication deals more extensively with judicial review in succeeding sections, and repeats at other junctures that former section 6.64(a), recodified as section 410.255, made judicial review "mandatory" for "a medical benefits dispute/issue." *Id.* at § 6F.64. Additional references to the availability of judicial review for medical benefits decisions appear throughout Senator Montford's workers' comp guide.

I generally am loathe to refer to secondary materials in construing a statute, even

when those materials were authored by the primary sponsor of the legislation at issue. *See C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 329 (Tex.1994) (Hecht, J., concurring and dissenting) (citing *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974); *National Woodwork Mfrs. Ass'n v. NLRB,* 386 U.S. 612, 639 n. 34, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967); *American Fed'n of Gov't Employees Locals 225, 1504 & 3723 v. Federal Labor Relations Auth.,* 712 F.2d 640, 647 n. 29 (D.C.Cir.1983)). But in some instances, secondary materials authored by a legislator so clearly reflect the generally accepted, fundamental meaning of a statute that a court should be guided by that interpretation and should not construe the statute in a highly technical and unreasonable manner. This is one of those instances. It seems extremely unlikely that Senator Montford would write as extensively and as matter-of-factly as he has done about judicial review of medical benefits decisions if there were any question about the matter. It seems equally unlikely that Senator Montford's view of something as basic as judicial review under the Act, which was debated so extensively by the Legislature, could be as far off the mark as the Court concludes.

Senator Montford's explanation of judicial review of medical benefits issues is entirely consistent with the wording of section 410.255. No one questioned Senator Monford's view before or after he wrote the workers' comp guide. There is no

indication that when the non-substantive recodification of the Act occurred in 1993,[3] Senator Montford or any other member of the Legislature thought that judicial review of medical benefits decisions was unavailable. As the Court explains, even the Commission thought that judicial review of medical benefit disputes was available until it argued to the contrary in this litigation. *See* 19 S.W.3d 393.

Senator Montford's guide also discusses the fact that former article 8308–6.64, which is now section 410.255 of the Labor Code, refers to sections of the Administrative Procedure Act that include section 2001.171. *See* MONTFORD, *supra,* § 6F.64(b). As Senator Montford explains, section 2001.171 in turn provides that, "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." TEX. GOV.CODE § 2001.171. The petitioner in this case has exhausted all administrative remedies available within a state agency. Those remedies did not include review by an appeals panel, but that is not required by section 410.255 of the Labor Code or section 2001.171 of the APA as a prerequisite to judicial review.

The Court's response to Senator Montford's writings about the Act is unpersuasive. The Court first says that "Senator Montford's book deals with the precodification version of the Act rather than the current version." 19 S.W.3d at 403. As

---

3. The 1993 revisions reflect that they were intended to be non-substantive:

§ 1.001. Purpose of Code

(a) This code is enacted as a part of the state's continuing statutory revision program, begun by the Texas Legislative Council in 1963 as directed by the legislature in the law codified as Section 323.007, Government Code. The program contemplates a topic-by-topic revision of the state's general and permanent statute law without substantive change.

(b) Consistent with the objectives of the statutory revision program, the purpose of this code is to make the law encompassed

by this code more accessible and understandable, by:

(1) rearranging the statutes into a more logical order;

(2) employing a format and numbering system designed to facilitate citation of the law and to accommodate future expansion of the law;

(3) eliminating repealed, duplicative, unconstitutional, expired, executed, and other ineffective provisions; and

(4) restating the law in modern American English to the greatest extent possible.

TEX. LABOR CODE § 1.001(a).

noted above, the current version is a non-substantive codification of the law about which Senator Montford wrote. The Court next discusses early *drafts* of the Act. *See* 19 S.W.3d at 403. But Senator Montford's writings are not addressed to drafts. He wrote in 1991 about the Act as passed by the Legislature in 1989.

Finally, the Court says that "further revisions during codification then expressly tied section 410.251 to both sections 410.255 and 410.301, requiring appeals panel review for both." 19 S.W.3d at 403. Again, the revisions were intended to be and were, in fact, non-substantive. *Cf. Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278 (Tex.1999). But more importantly, changes made when the Act was codified, non-substantive or otherwise, did not "tie" section 410.255 to an appeals panel decision. There is no mention in section 410.255 of an appeals panel decision. Nor is there any "tying," express or otherwise, between section 410.251 (the exhaustion of remedies section that includes a reference to an appeals panel review) and sections 410.255 and 410.301. Just the opposite is true.

Notably, section 410.301(a) expressly refers to an appeals panel decision while section 410.255 does not. *Compare* Tex. Lab.Code § 410.301(a) ("Judicial review *of a final decision of a commission appeals panel* regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter." (emphasis added)) *with id.* § 410.255 ("For all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G.") *This difference is a recognition in the Code provisions themselves that an appeals panel decision is not a prerequisite for judicial review of issues covered by section 410.255.* Moreover, why was a reference to an appeals panel necessary in section 410.301(a) if, as the Court says, section 410.251 already required a decision

from an appeals panel before there could be judicial review under either section 410.255 or section 410.031? The Court does not or cannot say.

\* \* \* \* \*

The Court recognizes that section 410.255 appears, on its face, to grant a right to judicial review. But the Court declines to give the section that effect. Accordingly, I respectfully dissent. I would hold that the district court had jurisdiction of the appeals by the providers of medical benefits.