TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00171-CV






John Molyneaux, Appellant



v.



Insurance Company of The State of Pennsylvania, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-97-1347-C, HONORABLE DICK ALCALA, JUDGE PRESIDING







 In this workers' compensation case, appellant John Molyneaux appeals from a
district court judgment rendered following a jury trial. Appellant raises a single issue contending
that the judgment is void because it improperly terminated his medical benefits. See Tex. Lab.
Code Ann. § 410.257(b), (f) (West Supp. 2000). We will modify the district court's judgment and
affirm the judgment as modified.

 On December 30, 1993, appellant suffered an on-the-job injury compensable under
the Workers' Compensation Act ("the Act"). Insurance Company of the State of Pennsylvania,
("insurance company") was the workers' compensation insurance carrier for appellant's employer.
In May 1994, appellant was in a car accident and in June 1994, he was involved in a fight. In July
1994, his maximum medical improvement was certified and the doctor released him to return to
work. Despite being released by his doctor to return to work, appellant complained that he
suffered low back pain continuously after his compensable December 1993 injury. In November
1994, appellant received a series of three epidural steroid injections, which afforded him some
relief for his low back pain. At the time, the insurance company did not object to paying for this
series of injections. In November 1996, appellant began a second series of epidural steroid
injections but this time the insurance company declined to approve more than one injection on the
basis that his low back pain and associated problems were no longer caused by the compensable
December 1993 injury.

 When the insurance company refused to pay for the second series of steroid
injections, appellant commenced proceedings under the Act. A hearing officer heard appellant's
contested case in July 1997 and determined that appellant's compensable December 1993 injury
was a producing cause of his current low back pain that needed injections in November 1996.
Further, the hearing officer ruled that neither the car accident nor the fight was the sole cause of
his current low back pain.

 The insurance company appealed to the appeals panel contending that the hearing 
officer's decision was contrary to the great weight and preponderance of the evidence. The
insurance company argued that appellant's subsequent injuries were the sole cause of his current
low back pain. The appeals panel disagreed with the insurance company and affirmed the hearing 
officer's decision concluding that the officer's decision was supported by sufficient evidence. The
insurance company filed a petition for judicial review in district court and requested a jury trial
de novo. See Tex. Lab. Code Ann. §§ 410.251, 410.301(a) (West 1996). Specifically, the
insurance company contended that appellant's compensable December 1993 injury was no longer
a cause of his current low back pain.

 Appellant responded and filed a plea to the jurisdiction contending that because the
insurance company's complaint was not related to compensability or eligibility, Labor Code
section 410.255 applied and judicial review should not be by a trial de novo but rather should be
conducted under the Administrative Procedure Act ("APA") and reviewed under the substantial
evidence rule. See Tex. Lab. Code Ann. § 410.255 (West 1996).(1) Further, appellant argued that
because the insurance company's petition was untimely filed under the APA, the district court was
without jurisdiction. The insurance company responded and argued that indeed the district court
had jurisdiction and de novo review was proper because the issues raised directly involved
compensability and eligibility. The district court overruled appellant's plea to the jurisdiction and
proceeded to trial.

 At the close of the evidence the jury was asked two questions:


(1) Do you find that the injury received by John Molyneaux on December 30,
1993 while in the course and scope of his employment at Firestone, Inc., was
a producing cause of his current low back condition?



Answer: "no"



(2) What date did the injury received by John Molyneaux on December 30, 1993
while in the course and scope of his employment at Firestone, Inc. cease being
a producing cause of his low back condition?

Answer with a date: "July 11, 1994"




The district court entered a final judgment noting the jury's answers and declaring that the
insurance company prevailed in its burden of proof. The judgment continued with the following
order:


It is so ordered, adjudged and decreed that Plaintiff, Insurance Company of the
State of Pennsylvania, is relieved of any and all liability for any medical expenses,
treatment, surgeries, physical therapy, psychological/psychiatric therapy and any
other kind of medical services with regard to the December 30, 1993 injury where
were [sic] incurred on and after July 11, 1994. Furthermore, it is ordered,
adjudged and decreed that plaintiff, Insurance Company of the State of
Pennsylvania, is relieved of all liability for the payment of any indemnity benefits
to Defendant, John Molyneaux, on and after July 11, 1994.



Wherefore, premises considered, it is ordered, adjudged and decreed that pursuant
to § 410.205 of the Texas Labor Code that Plaintiff, Insurance Company of the
State of Pennsylvania, may seek reimbursement of any and all benefit
overpayments from the Second Injury Fund. Since, pursuant to the jury's decision,
the benefits ordered to be paid by the Commission were incorrectly ordered[,]
Plaintiff's attorneys' fees for filing and pursuing this cause of action were
reasonably necessary. All other relief not herein requested is denied.



Appellant timely filed his notice of appeal complaining of the judgment.



Discussion


 In a single issue, appellant now complains that the judgment is void because on its
face it terminates his rights to any medical benefits relating to his compensable December 1993
injury that either were or may be incurred after July 11, 1994. Tex. Lab. Code Ann.
§ 410.257(b)(2), (f) (West Supp. 2000).(2) Appellant contends for the first time on appeal that the
insurance company's claims should have been presented to the Medical Review Division of the
Commission. See Tex. Lab. Code Ann. §§ 413.001-.055 (West 1996 & Supp. 2000).

 The insurance company contends that the jury resolved a causation issue--as of what
date appellant's compensable injury ceased causing his low back pain--and that this was an issue
of compensability to be decided in the district court under a modified de novo review. See Tex.
Lab. Code Ann. § 410.301(a). The insurance company asserts that based on the jury's answer,
appellant's compensable December 1993 injury ceased to be a producing cause of his low back
pain as of July 11, 1994, after which the insurance company was not required to provide appellant
with any benefits relating to that injury. The insurance company insists that sections
410.257(b)(2) and 410.257(f) are not at issue because after July 11, 1994, appellant was not
entitled to receive any medical benefits and, consequently, there was nothing available for the
court to terminate.

 We first address whether the dispute related to compensability or eligibility for
benefits. Section 410.251 provides a right to judicial review to any party who has exhausted his
administrative remedies and is aggrieved by a final decision of the appeals panel. Tex. Lab. Code
Ann. § 410.251 (West 1996); Continental Cas. Ins. Co. v. Functional Restoration Assocs., 19
S.W.3d 393, 398 (Tex. 2000). Sections 410.255 and 410.301 prescribe the manner of judicial
review depending on the issues involved. Continental Cas. Ins. Co., 19 S.W.3d at 398. If a
workers' compensation suit involves compensability or eligibility for, or the amount of income
benefits, a district court reviews the appeals panel decision under a modified de novo standard. 
Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248, 253 (Tex. 1999); Texas Workers' Comp.
Comm'n v. Garcia, 893 S.W.2d 504, 528 (Tex. 1995); Tex. Lab. Code Ann. § 410.301. The
employee's county of residence determines which district court hears the appeal. Rodriguez, 997
S.W.2d at 253; Tex. Lab. Code Ann. § 410.252. If a workers' compensation dispute concerns
a matter other than compensability or eligibility for income benefits, a party must appeal to the
district court in Travis County under a substantial evidence review. Rodriguez, 997 S.W.2d at
253; Tex. Lab. Code Ann. § 410.255. We hold that the dispute to be resolved impacted directly
appellant's compensability and eligibility for benefits and, therefore, was subject to a modified de
novo review. See Rodriguez, 997 S.W.2d at 253.

 We next address appellant's contention that the insurance company's claim should
have been resolved by the Medical Review Division of the Commission. See Tex. Lab. Code
Ann. §§ 413.001-.055. (West 1996 & Supp. 2000). Appellant did not raise this contention before
the district court and consequently has not preserved it for appellate review. See Tex. R. App.
P. 33.1(a)(1).(3)
 


 Finally, we determine whether the judgment is void because it limits or terminates
appellant's right to medical benefits under Labor Code section 408.021.

 Section 408.021 provides that "an employee who sustains a compensable injury is
entitled to all health care reasonably required by the nature of the injury as and when needed."
Tex. Lab. Code Ann. § 408.021(a) (West 1996). We note that absent from the statutory scheme
is a time frame within which "all health care reasonably required by the nature of the injury" must
be provided. Based on section 410.257(b)(2) and (f), a court on judicial review does not have the
power to limit or terminate a claimant's rights to medical benefits. See Tex. Lab. Code Ann.
§ 410.257(b)(2), (f). The jury determined that appellant's compensable December 1993 injury was
not a cause of his current low back pain. Consequently, as portions of the judgment provide,
appellant was not entitled to receive any medical benefits regarding his current low back pain. 
It is impossible, however, to know whether appellant may suffer future low back pain that will
prove to have been caused by the compensable December 1993 injury. See Tex. Lab. Code Ann.
§ 408.021(a). Based on the jury's finding, the judgment properly denied appellant medical
benefits for his current low back complaints. However, we hold that the judgment improperly
terminated appellant's rights to all possible future medical benefits, some of which he may be
entitled to receive. We sustain appellant's contention that the portions of the judgment that address
appellant's future rights to medical benefits that may be reasonably required by the compensable
December 30, 1993 injury are void. We modify the judgment to exclude portions related to future
medical benefits only and affirm the judgment as modified, that appellant is not entitled to medical
benefits for his current lower back pain.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed

Filed: January 19, 2001

Do Not Publish


1.   Labor Code section 410.255 provides that for all issues other than those covered under
Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review
of a contested case under the APA; judicial review conducted under this section is governed by
the substantial evidence rule. Tex. Lab. Code Ann. § 410.255 (West 1996). 
2.   Section 410.257(b)(2) provides, "A judgment under this section may not provide for the
limitation or termination of the claimant's right to medical benefits under Section 408.021." Tex.
Lab. Code Ann. § 410.257(b)(2). Section 410.257(f) provides, "A judgment that on its face does
not comply with this section is void." Tex. Lab. Code Ann. § 410.257(f). Section 408.021
provides that "An employee who sustains a compensable injury is entitled to all health care
reasonably required by the nature of the injury as and when needed." Tex. Lab. Code Ann.
§ 408.021(a) (West 1996).
3.   Were we to consider this contention it would not prevail. Chapter 413, of the Act addresses
the Medical Review Division of the Commission which monitors health care providers, insurance
carriers and claimants who receive medical services to ensure compliance with rules adopted by
the Commission. Tex. Lab. Code Ann. § 413.002(b) (West 1996). The statutory scheme
provides the Medical Review Division in Austin with the power to resolve only issues and
controversies regarding medical services that have been provided, medical services for which
authorization is sought, fee disputes, or preauthorization disputes. Continental Cas. Ins. Co. v.
Functional Restoration Assocs., 19 S.W.3d 393, 396 (Tex. 2000); Tex. Lab. Code Ann.
§ 413.031(a) (West 1996). That is not the nature of the dispute raised by the insurance company. 
The dispute at issue involved compensability and eligibility; it was not a fee dispute or a
controversy regarding medical services provided or for which authorization was sought.



 insurance company's claim should
have been resolved by the Medical Review Division of the Commission. See Tex. Lab. Code
Ann. §§ 413.001-.055. (West 1996 & Supp. 2000). Appellant did not raise this contention before
the district court and consequently has not preserved it for appellate review. See Tex. R. App.
P. 33.1(a)(1).(3)
 


 Finally, we determine whether the judgment is void because it limits or terminates
appellant's right to medical benefits under Labor Code section 408.021.

 Section 408.021 provides that "an employee who sustains a compensable injury is
entitled to all health care reasonably required by the nature of the injury as and when needed."
Tex. Lab. Code Ann. § 408.021(a) (West 1996). We note that absent from the statutory scheme
is a time frame within which "all health care reasonably required by the nature of the injury" must
be provided. Based on section 410.257(b)(2) and (f), a court on judicial review does not have the
power to limit or terminate a claimant's rights to medical benefits. See Tex. Lab. Code Ann.
§ 410.257(b)(2), (f). The jury determined that appellant's compensable December 1993 injury was
not a cause of his current low back pain. Consequently, as portions of the judgment provide,
appellant was not entitled to receive any medical benefits regarding his current low back pain. 
It is impossible, however, to know whether appellant may suffer future low back pain that will
prove to have been caused by the compensable December 1993 injury. See Tex. Lab. Code Ann.
§ 408.021(a). Based on the jury's finding, the judgment properly denied appellant medical
benefits for his current low back complaints. However, we hold that the judgment improperly
terminated appellant's rights to all possible future medical benefits, some of which he may be
entitled to receive. We sustain appellant's contention that the portions of the judgment that address
appellant's future rights to medical benefits that may be reasonably required by the compensable
December 30, 1993 injury are void. We modify the judgment to exclude portions related to future
medical benefits only and affirm the judgment as modified, that appellant is not entitled to medical
benefits for his current lower back pain.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed

Filed: January 19, 2001

Do Not Publish


1.   Labor Code section 410.255 provides that for all issues other than those covered under
Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review
of a contested case under the APA; judicial review conducted under this section is governed by
the substantial evidence rule. Tex. Lab. Code Ann. § 410.255 (West 1996). 
2.   Section 410.257(b)(2) provides, "A judgment under this section may not provide for the
limitation or termination of the claimant's right to medical benefits under Section 408.021." Tex.
Lab. Code Ann. § 410.257(b)(2). Section 410.257(f) provides, "A judgment that on its face does
not comply with this section is void." Tex. Lab. Code Ann. § 410.257(f). Section 408.021
provides that "An employee who sustains a compensable injury is entitled to all health care
reasonably required by the nature of the injury as and when needed." Tex. Lab. Code Ann.
§ 408.021(a) (West 1996).
3.   Were we to consider this contention it would not prevail. Chapter 413, of the Act addresses
the Medical Review Division of the Commission which monitors health care providers, insurance
carriers and claimants who receive medical services to ensure compliance with rules adopted by
the Commission. Tex. Lab. Code Ann. § 413.002(b) (West 1996). The statutory scheme
provides the Medical Review Division in Austin