11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re
Hartford Underwriters Insurance Company

No. 11-05-00188-CV -- Original Mandamus Proceeding

 

In the underlying proceeding, the real parties in
interest filed an action in Ector County 
seeking judicial review of a Texas Workers=
Compensation Commission appeals panel decision that vacated the hearing officer=s order awarding attorney=s fees to the real parties in
interest.  In this mandamus proceeding,
Hartford Underwriters Insurance Company maintains that mandatory venue for
reviewing the appeals panel decision is in Travis County and that the trial
court abused its discretion in denying Hartford=s
motion to transfer venue.  We
conditionally grant the petition for writ of mandamus directing the trial court
to sustain Hartford=s motion
to transfer the case to Travis County. 
The writ will not issue unless the trial court fails to act in
accordance with this opinion.  

After a contested workers=
compensation case hearing, the hearing officer concluded that Bobbie G.
Thurman, who was fatally injured in a motor vehicle accident, was in the course
and scope of his employment at the time of his accident.  The hearing officer also awarded attorney=s fees in the amount of 25 percent of
the benefits paid to Thurman=s
beneficiaries, who are the real parties in interest in this mandamus
proceeding.  Hartford limited its appeal
of the hearing officer=s
decision, requesting the Commission appeals panel to only review the attorney=s fee award.  The appeals panel vacated the hearing officer=s award of attorney=s fees, finding that there was no
evidence in the record to support the award. 
The appeals panel ruled, however, that the attorney for the real parties
in interest could submit a new request for attorney=s
fees by submitting the proper form with the time, hourly rate, and expenses
itemized separately for the attorney and for any legal assistant.








The real parties in interest instead filed an
original petition with the County Court at Law No. 2 in Ector County, seeking
review of the Commission appeals panel decision vacating the award of attorney=s fees.[1]  Ector County was the county of Thurman=s residence at the time of his
death.  Hartford moved to transfer venue
from Ector County to Travis County, contending that mandatory venue for the
petition was in Travis County.

TEX. CIV. PRAC. & REM. CODE ANN. ' 15.0642 (Vernon 2002) provides that a
party may apply for a writ of mandamus with an appellate court to enforce the
mandatory venue provisions of that chapter. 
The requirement of showing an inadequate appellate remedy in mandatory
venue cases was eliminated by Section 15.0642. 
In re Missouri Pacific Railroad Company, 998 S.W.2d 212
(Tex.1999).  Although Chapter 15, TEX.
CIV. PRAC. & REM. CODE ANN. ch. 15 (Vernon 2002 & Supp. 2004 - 2005),
does not expressly list a mandatory venue provision for judicial review of
contested cases involving workers=
compensation, Section 15.016 includes other mandatory venue statutes within the
purview of Chapter 15:

An action governed by any other statute
prescribing mandatory venue shall be brought in the county required by that
statute.

 

TEX. LAB. CODE ANN. ch. 410 (Vernon 1996 &
Supp. 2004 - 2005) addresses the adjudication process in workers= compensation disputes.  Hernandez v. Texas Workers= Compensation Insurance Fund, 946
S.W.2d 904 (Tex.App. - Eastland 1997, no writ). 
There are two mandatory venue provisions for petitions to review
Commission appeals panel decisions: 
Section 2001.176 of the Texas Government Code and Section 410.252 of the
Texas Labor Code.

TEX. GOV=T
CODE ANN. ch. 2001 (Vernon 2000) is the Administrative Procedure Act.  Section 410.255(a) of the Labor Code provides
that judicial review of final administrative decisions in workers= compensation cases for Aall issues other than those covered
under Section 410.301(a)@
shall be conducted in accordance with Chapter 2001.  The mandatory venue provision in Section
2001.176 provides in part:

(a) A person intiates judicial review in a
contested case by filing a petition not later than the 30th day after the date
on which the decision that is the subject of complaint is final and appealable.

 

(b) Unless otherwise provided by statute:

 

(1) the petition must be filed in a Travis County district court.

 








Thus, Travis County is the mandatory venue for reviewing all
Commission appeals panel decisions except those Commission decisions covered by
Section 410.301.  Judicial review
conducted under Section 410.255 is governed by the substantial evidence rule.

The second mandatory venue provision, Section
410.252 of the Labor Code, is for the appeal of Commission appeals panel
decisions covered by Section 410.301. 
Section 410.301 deals only with judicial review of a final decision of a
Commission appeals panel regarding Acompensability
or eligibility for or the amount of income or death benefits.@ 
A district court reviews the decision under a modified de novo
standard.  See Section 410.301; Rodriguez
v. Service Lloyds Insurance Company, 997 S.W.2d 248, 253 (Tex.1999).  Section 410.252 requires that court petitions
appealing decisions under Section 410.301 must be filed in the county where the
employee resided at the time of death not later than the 40th day after the
decision of the appeals panel became final. Section 410.252; Rodriguez v.
Service Lloyds Insurance Company, supra at 253.

            A Commission appeals panel decision dealing only with
attorney=s fees is
not a decision regarding Acompensability
or eligibility for or the amount of income or death benefits.@  
Therefore, mandatory venue for the petition of the real parties in
interest is Travis County.  

A trial court abuses its discretion when it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
The trial court=s
denial of Hartford=s motion
to transfer venue to Travis County was a clear error of law.

The petition for writ of mandamus is conditionally
granted.  A writ of mandamus will issue
if the trial court does not enter an order that transfers venue of the
underlying case to Travis County.

 

TERRY McCALL

JUSTICE

 

June 30, 2005

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.











[1]Jana Thurman, As Guardian of Amanda Nicole Thurman and
Jarreth Lucas Thurman, Minor Children of Bobbie G. Thurman, Deceased, Plaintiff
in Fact Ruff Ahders, Ruff Ahders, Associated v. Hartford Underwriters Insurance
Company, Cause No. CC2-17,808.